UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Northbrook Digital
Corporation,

      Plaintiff,

v.                                MEMORANDUM OPINION
                                       AND ORDER
                                       Civil No. 06-4206

Browster, Inc.,

      Defendant.

_____

      Peter M. Lancaster and Devan V. Padmanabhan, Dorsey & Whitney LLP for and on behalf of Plaintiff.

      William L. Roberts and Kevin P. Wagner, Faegre & Benson LLP for and on behalf of Defendant.

_____

      This matter is before the Court on Plaintiff Northbrook Digital Corporation's ("Northbrook") motion for partial summary judgment as to its claims of patent infringement.

    1.  Background

      Defendant Browster, Inc. ("Browster") is a defunct company that was created in early 2005 to develop and market enhanced Internet browsing

software. One of the features of the earlier versions of its software was "prefetching" of web content. Prefetching is a process which involves delivering web page content to a computer's storage before the user specifically requests that the content of particular pages be made available. It is Northbrook's position that prefetching is a feature that is covered by United States Patent Nos. 5,715,445, 5,946,682, 6,301,576, 6,604,103 and 7,103,594. In its Complaint, Northbrook alleges that Browster willfully infringed these patents.

   2.  Discovery

Pursuant to the Pretrial Scheduling Order ("PSO") issued in this case [Doc No. 12], Northbrook served a detailed claim chart which explained why Browster's software infringed multiple claims of Northbrook's patents. Wolfe Decl., Ex. A. Browster was to submit its own claim chart no later than June 1, 2007, in which Browster was to

> indicate[] with specificity which elements on Plaintiff's Claim Chart it admits are present in the accused device . . . and which it contends are absent. In the latter regard, Defendant will set forth in detail the basis for a contention that the element is absent . . . Defendant shall explain in detail any other grounds for asserting invalidity of the claims identified in Plaintiffs' Claim Chart including but not limited to any invalidity contentions based on 35 U.S.C. § 191 and/or § 112.

PSO at 4.

Browster did not submit such a claim chart. The PSO also provided that by June 15, 2007, Browster was to submit a list of prior art on which it relies, but Browster failed to submit such a list as well. In addition, Northbrook deposed the founder and CEO of Browster and the inventor of Browster's browsing software, Scott Milener. Northbrook asserts that during the deposition, Milener was given many opportunities to explain why his software did not infringe the patents in suit, but Milener was either unable or unwilling to do so. <u>See</u> Lancaster Decl., Ex. A., Milener Dep. 225-30.

    3. Standard for Summary Judgment

Summary judgment is appropriate if, viewing all facts in the light most favorable to the non-moving party, there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 322-23 (1986). The party seeking summary judgment bears the burden of showing that there is no disputed issue of material fact. <u>Celotex</u>, 477 U.S. at 323. This burden can be met "by 'showing' - that is , pointing out to the district court - that there is an absence of evidence to support the nonmoving party's case." <u>Id.</u> at 325. The party opposing summary judgment may not rest upon mere allegations or denials, but must set forth

specific facts showing that there is a genuine issue for trial. Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir.1995).

    4. Analysis

Northbrook asserts that it is entitled to summary judgment establishing that Browster's software infringes certain identified claims of the patents in suit given Browster's failure to timely articulate any basis for noninfringement or invalidity. Browster responds that despite its failure to produce affirmative evidence of noninfringement or invalidity, Northbrook is not entitled to summary judgment unless it has proven, by a preponderance of the evidence, that Browster's accused product infringes the patent claims at issue. Browster asserts that Northbrook's motion must be denied as it did not meet its burden.

    A. Validity

As a preliminary matter, the Court finds that Browster is not challenging the validity of the patents at issue. Accordingly, the Court finds that said patents are valid.

    B. Infringement

The determination of patent infringement involves a two step analysis. Transclean Corp.v. Bridgewood Serv., Inc., 290 F.3d 1364, 1370 (Fed. Cir. 2002).

The Court must first determine the scope and meaning of the patent claims asserted. Id. Next, the Court compares the properly construed claims against the accused device. Id.  Claim construction is a matter of law, while infringement involves questions of fact. Id.

Words in a claim are generally given their ordinary and customary meaning as to one skilled in the art in question at the time of the invention. Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005).  "In some cases, the ordinary meaning of claim language as understood by a person of skill in the art may be readily apparent even to lay judges, and claim construction in such cases involves little more than the application of the widely accepted meaning of commonly understood words." Id. at 1314.

Northbrook asserts that Browster has not identified any contested claims, therefore the claims terms should be given their ordinary meaning. Browster responds that the Court cannot construe the relevant claim terms because Northbrook has not presented the Court with any evidence as to the ordinary meaning of the claims terms from the perspective of one skilled in the art. Browster further asserts that despite Northbrook's assertions to the contrary, there are several claim construction issues that must be resolved before the Court

can find infringement. For example, the asserted claims of the '445 patent relate to a system for retrieving "documents" and to a "many-user database." These terms must be construed to determine whether they encompass the Internet web pages that are accessed by the Browster software.

First, the Court notes that there is no affirmative duty to produce evidence supporting a claim construction that is consistent with the ordinary meaning of commonly understood words. Second, although Browster now challenges the construction of "many-user database" and "document", Browster did not provide the Court what it believes to be the proper construction of such claim terms, or point to evidence which suggests the terms should be construed in a manner inconsistent with the terms' ordinary meaning. Accordingly, the Court will construe the claim terms according to their commonly understood meaning.

The next step in the infringement analysis requires the Court to compare the accused product to the properly construed claims. In support of its motion for summary judgment, Northbrook submitted the declaration of Mark Wolfe[1], who is the inventor of the patents at issue. In his declaration, Wolfe states his

---

[1] Northbrook timely disclosed to Browster that Wolfe would be providing opinion testimony on the issues of validity and infringement. Second Lancaster Decl., Ex. A, p. 4.

belief that the patents at issue have been infringed by Browster "in the manner described in Exhibit A." Wolfe Decl., ¶ 3. Exhibit A is Northbrook's claim chart. In the Claim Chart, Northbrook has listed the claims of the patents in suit in the left column, and in the right column has explained why Browster's software infringes the corresponding claim.

Northbrook also points out that in his deposition, Scott Milener did not provide any testimony to support a defense of noninfringement. Northbrook thus argues that the Claim Chart, together with a lack of evidence supporting noninfringement, supports summary judgment on the issue of infringement.

Browster asserts that generally, claims of infringement are proven through expert testimony, published materials relating to the accused product and an analysis of the accused products themselves, and that Northbrook has not submitted any evidence of this kind. Browster asserts that the only evidence submitted by Northbrook - the Wolfe Declaration and the Claim Chart - do not sufficiently demonstrate infringement as the Claim Chart is only a summary comparison, and is not supported by sufficient evidence. The Court disagrees.

First, the Claim Chart is adopted by the inventor of the patents in suit, Mark Wolfe. As the inventor, Wolfe may qualify as an expert, and provide

testimony as to the meaning of the claims at issue.  <u>Markman v. Westview Instruments, Inc.</u>, 52 F.3d 967, 991 (Fed. Cir. 1995).  Second, each limitation of the claims is spelled out in the Claim Chart, with a corresponding explanation of how such limitation is met by Browster's software.  For example, with respect to the '445 patent, claim 1 includes a limitation that the claimed system deletes from memory the portion of the third document stored in the memory unit.  Wolfe Decl., Ex. A, p. 3 (second box from bottom of page).  The Claim Chart then explains that this limitation is met by Browster's software.

> The computer deletes from the memory unit the portion of the third web page.  See, e.g., B000099 (Browster "[m]anage[s] cache of prefetched pages within memory budget.") and B000263 ("Browster's prefetch component "will also provide APIs to force the expiration (or purging) of cache contents . . .

<u>Id.</u>

In addition to the Wolfe Declaration and the Claim Chart, the record also consists of the patents in suit, the deposition transcript of Scott Milener, Browster marketing materials and Browster's answers to Northbrook's First Set of Interrogatories.  The Court thus finds that Northbrook has put forth sufficient evidence to support a *prima facie* claim of infringement, and has demonstrated that there is an absence of evidence to support noninfringement.

In its opposition brief, Browster "acknowledges its decision to forego presenting affirmative evidence of non-infringement, and is prepared to live with the inability to present such evidence in opposition to this motion."  Browster Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, p. 1-2.  Clearly, Browster knew that one of the consequences of its litigation strategy was that Northbrook could meet its burden on summary judgment.  Other courts have addressed similar circumstances, where a party took the risk that its opponent could not successfully prove its case, and lost.

For example, in Symbol Tech., Inc. v. Opticon, Inc., the defendant had challenged the plaintiff's prima facie case of patent infringement, arguing that plaintiff's expert provided an opinion as to the ultimate issue of infringement, without discussing in detail the underlying bases for such opinion.  935 F.2d 1569, 1575 (Fed. Cir. 1991).  The Federal Circuit rejected this challenge, finding that "testimony on the ultimate issue of infringement is permissible in patent cases."  Id.  The Court noted that the defendant had the opportunity to demonstrate that the expert's testimony was factually incorrect, but failed to take such opportunity.  Id. at 1576.

In short, [plaintiff] was permitted to rest its prima facie case on [the]

> expert['s] testimony, including charts, that the patents were infringed, and the District Court was free to accept or reject that evidence. Of course, by resting its case on summary testimony, [plaintiff] was left exposed to a profound risk that [defendant], during its defense or cross-examination of [the expert], would demonstrate that the accused devices were non-infringing under a different and proper construction of the claims. [Defendant] willingly permitted [plaintiff] to bear this risk, but chose not to expose [the expert's] testimony to the glaring light of cross-examination on this issue. Having lost below, [defendant] cannot here recoup for its failed litigation strategy.

Id. See also, Transclean, 290 F.3d at 1374 (affirming district court's grant of summary judgment where plaintiff had presented evidence sufficient to show infringement, and defendant was precluded from arguing noninfringement as a discovery sanction for failure to respond to interrogatories).

IT IS HEREBY ORDERED that:

1. Northbrook Digital Corporation's Motion for Partial Summary Judgment [Doc. No. 14] is GRANTED. Claims 1, 3 and 4 of the '445 patent; claims 4-13 of the '682 patent; claims 2-4 of the '576 patent; claims 1,2, and 4 of the '103 patent; and claims 1-8, 10, 12-15, 17-22, and 26-29 of the '594 patent are not invalid and are infringed.

    2.      Browster, Inc.'s Motion to Strike [Doc. No. 36] is DENIED AS MOOT.[2]

Date: February 13, 2008

                                  <u>s / Michael J. Davis</u>
                                  Michael J. Davis
                                  United States District Court

Civil No. 06-4206

---

[2]The Court did not take into consideration the Second Declaration of Mark Wolfe.